STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Abigail Vapnyar**
*Assistant Corporation Counsel*
Labor & Employment Division
(212) 356-1177
avapnyar@law.nyc.gov

March 12, 2026

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re: Monaco v. City of New York, et al.
25-CV-1387 (NVM) (VMS)

Dear Judge Scanlon:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, attorney for the City University of New York and Scott Cally (collectively "Defendants") in the above-referenced action. Pursuant to paragraph III (b) of Your Honor's Individual Practice Rules, Defendants respectfully submit this opposition to Plaintiff's letter motion seeking to compel Defendants to accept Plaintiff's proposed ESI schedule. See ECF Dkt. No. 41.

Plaintiff's motion to compel an ESI schedule is premature and the schedule that he proposes is not feasible for Defendants. As Plaintiff's counsel indicated in his motion, the undersigned was only recently assigned to handle the above referenced matter on February 20, 2026 after the previously handling attorney went out on leave. On February 23, 2026, Plaintiff's counsel contacted the Law Department in order to make contact with the new handling attorney, and I emailed Plaintiff's counsel to introduce myself the same day. The parties met and conferred as to Plaintiff's ESI requests on March 2, 2026, and as a result, Plaintiff's counsel served a revised set of ESI requests upon the undersigned. The undersigned indicated during the meet and confer that I would need time to discuss Plaintiff's requests with my client agency. On March 6, 2026, Plaintiff's counsel also emailed an ESI schedule to the undersigned and requested a response by noon on March 9, 2026, the following business day. On March 9, 2026, I responded to Plaintiff's email and indicated that I was working on a formal response to Plaintiff's revised ESI letter, and that once I formally responded, the parties could work on finalizing an ESI schedule. I also indicated that the timing that Plaintiff's counsel proposed would be insufficient, as it will take my

client several weeks to pull responsive emails and I would need additional time to review the production. As such, the two weeks that Plaintiff's counsel allocates from the time the parties agree on search parameters to the date Defendants' production is due is insufficient. Furthermore, I also informed counsel that his schedule would not be feasible given that I will be out of the country from March 31st until April 15th due to a previously scheduled vacation. In light of those reasons, I requested Plaintiff's consent to a 60-day extension of the discovery deadline in this matter, in accordance with Your Honor's Rules. In response, Plaintiff's counsel only replied that "it makes most sense to come up with a firm ESI schedule before asking for the discovery deadline extension." Plaintiff then made the instant motion. It should be noted that, Plaintiff's request that Defendants produce a "hit sheet" should be denied because the undersigned learned on March 11, 2026, that the client agency's ESI platform does not provide search term reports. CUNY is not a mayoral agency and its servers are not hosted on the City's centralized OTI (Office of Technology & Innovation) systems. Defendants' ESI collection will require additional coordination with multiple stakeholders and result in added logistical hurdles in transferring its collection into the Law Department's review platform.

As such, Plaintiff's motion to compel warrants denial because the timing in Plaintiff's suggested schedule is not feasible due to the amount of time needed for collection and review, and the undersigned's unavailability during her vacation.

Plaintiff's motion glosses over fact that the parties have in engaged in a substantive exchange of discovery. Prior to her departure, prior counsel for the Defendants' exchanged a document production in this matter that was responsive to Plaintiff's requests which included initial disclosures, response to interrogatories and the production of 1,078 pages of documents. Contrary to Plaintiff's insinuation in the instant motion, Defendants are diligently working to comply with their discovery obligations.

For the foregoing reasons, the Defendants respectfully request that the Court deny Plaintiff's letter motion in its entirety.

Respectfully submitted,

/s/ Abigail Vapnyar

Abigail Vapnyar
Assistant Corporation Counsel

cc: All counsel (Via ECF)