THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

STEVEN BANKS
*Corporation Counsel*

ABIGAIL VAPNYAR
*Assistant Corporation Counsel*
(212) 356-1177
avapnyar@law.nyc.gov

March 25, 2026

**By ECF**
Hon. Natasha C. Merle
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: Robert Monaco v. City University of New York, et al
No. 25-CV-1387 (NCM) (VMS)

Dear Judge Merle:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York for the defendants City University of New York and Scott Cally in the above-referenced matter. I write to respectfully request an extension of the fact discovery deadline. Currently, the fact discovery deadline is April 30, 2026, and a joint discovery status letter is due to the Court on or before April 16, 2026. Defendants are requesting a 60-day extension of the fact discovery deadline to June 29, 2026. This is Defendants' first request to extend this deadline. On March 9, 2026, the undersigned requested Plaintiff counsel's consent to the extension, but Plaintiff's counsel stated that he wanted to "come up with a firm ESI schedule before asking for the discovery deadline extension."

Plaintiff, a Senior College Laboratory Technician ("CLT") in the Department of Communications and Performing Arts at Kingsborough Community College, brings this action pursuant to Section 504 of the Rehabilitation Act, the American with Disabilities Act ("ADA"), New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL") asserting that Defendants discriminated against Plaintiff on the basis of his disability, failed to accommodate Plaintiff's disability and demoted Plaintiff, subjected Plaintiff to a hostile work environment, and subjected him to retaliation for his protected activity.

There are several reasons for the requested extension. The prior Assistant Corporation Counsel assigned to handle this case went on leave in late February, and I was reassigned to handle this matter for Defendants on February 20, 2026. Since the reassignment, I have needed time to familiarize myself with the file and the remaining discovery tasks. I will also

be out of the country from March 31st to April 14th due to a previously scheduled vacation. The parties also need additional time to finalize the parameters for the ESI search. Once those parameters are finalized, my client will need several weeks to pull responsive emails and I will need additional time to review the production. The parties also need to conduct depositions in this matter.

As such, additional time is needed to complete ESI discovery, to respond to Plaintiff's February 24, 2026, deficiency letter, to conduct depositions, and to engage in any post-deposition discovery. To date, the parties have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1), Plaintiff has responded to Defendants' interrogatories and document requests, and Defendants have responded to Plaintiff's interrogatories and document requests.

The granting of this extension of time will affect more than one deadline. Pursuant to Your Honor's Individual Practice Rules, Defendants propose the following revised dates:

- a joint discovery status letter to be filed on or before June 15, 2026;
- initial expert disclosures to be served by June 29, 2026;
- initial expert reports to be exchanged by August 11, 2026;
- initial rebuttal reports to be exchanged by October 1, 2026;
- expert discovery closes on November 2, 2026.
- a joint letter from the parties certifying the close of discovery to be submitted on November 2, 2026.
- Dispositive motion practice to commence on or before December 2, 2026, or the proposed JPTO must be filed on or before January 8, 2027.

I thank the Court for its consideration of this request and attention to this matter.

Respectfully submitted,

*/s/ Abigail Vapnyar*
Abigail Vapnyar
Assistant Corporation Counsel

cc:
All Counsel (Via ECF)