THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ABIGAIL VAPNYAR**
*Assistant Corporation Counsel*
(212) 356-1177
avapnyar@law.nyc.gov

May 20, 2026

**By ECF**
Hon. Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: Robert Monaco v. City University of New York, et al
No. 25-CV-1387 (NCM) (VMS)

Dear Judge Scanlon:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York for the defendants City University of New York and Scott Cally in the above-referenced matter. I write to respectfully request a 30-day extension of the deadline for Defendants to serve their ESI production, from May 21, 2026, to June 22, 2026. I also respectfully request an extension of the fact discovery deadline from June 29, 2026, to August 21, 2026.

This is Defendants' first request to extend the deadline for ESI production and second request for an extension of the fact discovery deadline. Plaintiff consents to this request.

Plaintiff, a Senior College Laboratory Technician ("CLT") in the Department of Communications and Performing Arts at Kingsborough Community College, brings this action pursuant to Section 504 of the Rehabilitation Act, the American with Disabilities Act ("ADA"), New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL") asserting that Defendants discriminated against Plaintiff on the basis of his disability, failed to accommodate Plaintiff's disability and demoted Plaintiff, subjected Plaintiff to a hostile work environment, and subjected him to retaliation for his protected activity.

There are several reasons for the requested extension. Defendants need additional time to review the ESI collection, which exceeds 14,000 documents. Currently, Defendants have done an initial review of approximately 4,000 documents. After Defendants have completed their first level of review, additional time will be needed for Defendants' e-discovery vendor to generate

production volumes and to make appropriate redactions. Additionally, Defendants need to respond to Plaintiff's February 24, 2026, deficiency letter, the parties need to conduct depositions, and engage in any post-deposition discovery.

To date, the parties have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a)(1), Plaintiff has responded to Defendants' interrogatories and document requests, and Defendants have responded to Plaintiff's interrogatories and document requests. The parties have also agreed upon an ESI protocol and filed a proposed protective order and 502(d) stipulation and order for the Court's approval. Once approved, the parties will be exchanging additional confidential documents.

The granting of this extension of time will affect more than one deadline. Pursuant to Your Honor's Individual Practice Rules, Defendants propose the following revised dates:

- a joint discovery status letter to be filed on or before August 7, 2026;
- initial expert disclosures to be served by August 21, 2026;
- initial expert reports to be exchanged by October 5, 2026;
- initial rebuttal reports to be exchanged by December 2, 2026;
- expert discovery closes on January 8, 2027.
- a joint letter from the parties certifying the close of discovery to be submitted on January 8, 2027.
- Dispositive motion practice to commence on or before February 9, 2027, or the proposed JPTO must be filed on or before March 9, 2027.

I thank the Court for its consideration of this request and attention to this matter.

Respectfully submitted,

*/s/ Abigail Vapnyar*
Abigail Vapnyar
Assistant Corporation Counsel

cc:
All Counsel (Via ECF)