Bruce E. Menken
Scott Simpson
Jason J. Rozger*
Raya F. Saksouk
Brenna Rabinowitz^Δ
Samuel J. Salinger

MSR Menken Simpson & Rozger LLP

Alan Serrins
Of Counsel

*Also Admitted in New Jersey

^Δ Also Admitted in Pennsylvania

225 Broadway / Suite 920 / New York, NY / 10007
(212) 509-1616
WWW.NYEMPLOYEELAW.COM

August 30, 2026

**VIA ECF**
Hon. Vera M. Scanlon, U.S.M.J.
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re: *Robert J. Monaco v. City University of New York, et al.*
No. 25-cv-01387-NVM-VMS

Dear Judge Scanlon:

Pursuant to Rule III(b) of Your Honor's Individual Practice Rules, Plaintiff respectfully moves to compel Defendants to produce Defendant Scott Cally for his deposition on September 11, 2026—not Defendants' proposed date, September 21, 2026, the final day of the current fact discovery deadline—and to proceed with the depositions of Gila Rohr and Ryan McKinney on September 14 and September 16, 2026, respectively. The parties have met and conferred extensively over email but were unable to reach agreement on this issue.

Plaintiff previously proposed that these depositions take place in late July, before the Court extended fact discovery to September 21, 2026. On August 18, 2026, Plaintiff served updated deposition notices for all three witnesses. Ten days later, Defendants had neither confirmed the dates nor provided workable alternatives, responding only after Plaintiff threatened to seek Court intervention. Defense counsel claimed she did not receive the August 18 email, but Plaintiff's records confirm it was sent, and defense counsel has received every other email in this matter.

Defendants' delays appear designed to reverse the proper order of depositions. Plaintiff served deposition notices for Cally and Rohr on July 7, 2026. Defense counsel then followed by serving her own notice for Plaintiff later that same day for a date prior to the deposition of the defense witnesses. Plaintiff immediately objected, advising that "the two witnesses I noticed will be deposed before Monaco." Defense counsel nevertheless declared it was "very unlikely" Cally and Rohr could be deposed before August 5 and announced, "I will schedule Mr. Monaco for 8/5." The pattern has since repeated: on August 28, Defendants proposed September 14 for Rohr, September 18 for Plaintiff, and September 21 for Cally. When Plaintiff insisted on September 11 for Cally, defense counsel stated only that "[h]e's not available then" and that "the fall semester is starting soon." Defendants have identified no specific conflict preventing Cally from appearing

on September 11, and he should be deposed before the Plaintiff (Defense counsel has proposed September 18 for Plaintiff, which is acceptable to Plaintiff so long as Cally is deposed first). Moreover, allowing Defendants to place Cally's deposition on the final day of discovery—after Plaintiff's—would deprive Plaintiff of any meaningful opportunity to use Cally's testimony to complete fact discovery.

Prompt relief is especially important given the compressed schedule. After the Court set September 21, 2026 as the fact discovery deadline rather than the jointly-requested October 21, 2026 deadline, I have been working diligently working through my current long-schedule family vacation (August 24-September 4) to comply. In September, I have a court appearance on September 9, an appellate argument in New Jersey in a class action matter on September 15, a five-day JAMS arbitration beginning September 28 with pre-hearing submissions due September 14 and 21, and Jewish holidays I observe during this same period. These constraints make it essential that deposition dates be promptly set.[1]

The scheduling issue is further complicated by Defendants' outstanding discovery obligations. Defendants have represented that they will produce a privilege log and an additional ESI production, but have not disclosed its volume despite two inquiries. Plaintiff cannot assess whether the forthcoming production will require follow-up before the depositions close. Defendants should not be permitted to serve an undisclosed ESI production while simultaneously placing Cally's deposition on the last day of discovery.

Finally, I conveyed a detailed settlement proposal on August 12 and have not received a response from Defendants.

Plaintiff therefore respectfully requests that the Court order Defendants to produce Scott Cally for his deposition on September 11, 2026; Gila Rohr on September 14, 2026; and Ryan McKinney on September 16, 2026; or, if any witness is truly unavailable, provide firm alternate dates within 24 hours allowing all three depositions to be completed before September 21, 2026, and Cally's prior to September 18.

I thank the Court for its consideration.

Respectfully submitted,

*/s/ Scott Simpson*

Scott Simpson

[1] The current scheduling order includes a February 8, 2027 deadline for the parties to complete expert discovery (the Court just yesterday ordered a discovery status updated for November 30, 2026). At least at this juncture, Plaintiff does not plan to engage any experts in this case (unless to rebut Defendants' expert discovery). Defendants have not disclosed whether they will be engaging any experts.