Bruce E. Menken
Scott Simpson
Jason J. Rozger*
Raya F. Saksouk
Brenna Rabinowitz^
Samuel J. Salinger

MSR Menken Simpson & Rozger LLP

Alan Serrins
Of Counsel

*Also Admitted in New Jersey

^Also Admitted in Pennsylvania

225 Broadway / Suite 920 / New York, NY / 10007
(212) 509-1616
www.nyemployeelaw.com

September 14, 2026

**VIA ECF**
Hon. Vera M. Scanlon, U.S.M.J.
U.S. District Court for the
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re: *Robert J. Monaco v. City University of New York, et al.*
No. 25-cv-01387-NVM-VMS

Dear Judge Scanlon:

Plaintiff respectfully requests, with Defendants' consent, that the Court extend the fact discovery deadline from September 21, 2026, to October 23, 2026. This is the fourth request for an extension of the fact discovery deadline, and Plaintiff's second (Defendants' requests were both granted). Plaintiff makes this request because the current schedule no longer permits the parties to complete the remaining depositions and address related discovery disputes in an orderly manner.

The procedural history of the discovery schedule is relevant. The Court's initial scheduling order set April 30, 2026 as the fact discovery deadline. Defendants then filed their first request to extend the fact discovery deadline, seeking a 60-day extension from April 30, 2026, to June 29, 2026, ECF No. 43; Plaintiff did not consent because Plaintiff wanted to establish a firm ESI schedule before agreeing to an extension. The Court granted that request and extended fact discovery to June 29, 2026. The Court granted Defendants' second request, ECF No. 51, seeking to extend fact discovery from June 29, 2026, to August 21, 2026[1]; Plaintiff consented to that request. Most recently, the parties jointly requested that fact discovery be extended to October 21, 2026. The Court instead set September 21, 2026 as the fact discovery deadline.

On September 1, 2026, the Court entered an Order granting in part and denying in part Plaintiff's August 30, 2026, motion to compel depositions, ECF No. 53. The Court ordered the parties to proceed with the deposition of Gila Rohr on September 14, 2026; Ryan McKinney on September 16, 2026; Plaintiff on September 18, 2026; and Defendant Scott Cally on September

[1] I was supposed to depose Rohr and Cally in late July 2026. But the parties put off the depositions in the hopes of focusing on settlement, which involves some complex issues. However, Defendants still have not responded to the detailed settlement demand that I conveyed on August 12, 2026.

21, 2026 (Yom Kippur). The Court also ordered Defendants to produce a standing privilege log and any additional ESI by September 8, 2026.

On September 4, 2026, Plaintiff received an ESI production from Defendants consisting of more than 1,000 pages. Defendants then served an additional production on September 8, 2026. Plaintiff nevertheless proceeded with Ms. Rohr's deposition today, September 14, 2026, in an effort to comply with the Court's schedule. During Ms. Rohr's deposition, a dispute arose concerning critical testimony over which Defendants asserted privilege. Plaintiff anticipates making a motion on that issue shortly as the Court requested motion practice on the issue. The same issue is likely to recur at Mr. McKinney's deposition on September 16, 2026, where Plaintiff plans to ask about what transpired in those same key meetings. The present schedule does not leave sufficient time for Plaintiff to seek relief from the Court, obtain a ruling, and, if appropriate, reopen Ms. Rohr's deposition or Mr. McKinney's deposition before fact discovery closes.

The remaining schedule is also not workable. I have an appellate argument in New Jersey tomorrow, September 15, 2026. Mr. McKinney's deposition is scheduled for September 16, 2026. Mr. Monaco's deposition is scheduled for September 18, 2026. Defendant Cally's deposition is scheduled for September 21, 2026, which is Yom Kippur, a holiday I observe.[2] On September 22, 2026, I have what I expect to be a lengthy pre-hearing conference for a JAMS arbitration that begins on September 28, 2026, is scheduled to run through October 2, 2026, and may continue through October 7, 2026. I must spend September 22 through September 24 preparing for that hearing.

For these reasons, I am respectfully asking the Court to extend the fact discovery deadline to October 23, 2026. McKinney and Monaco can still be deposed this week, but the extension will allow Defendant Cally's deposition to be completed in early-to-mid October, after Yom Kippur and the arbitration hearing described above. It will also allow Plaintiff, if warranted by the Court's ruling on the anticipated privilege motion, to reopen Ms. Rohr's deposition and possibly Mr. McKinney's deposition for additional questioning on the issues affected by Defendants' privilege objections.

Defendants consent to this request. Accordingly, Plaintiff respectfully requests that the fact discovery deadline be extended from September 21, 2026 to October 23, 2026, and that any remaining case deadlines affected by this extension be adjusted accordingly.

I thank the Court for its consideration.

Respectfully submitted,

*/s/ Scott Simpson*

Scott Simpson

---

[2] I regret not bringing this to the Court's attention in my August 30, 2026 letter—I mistakenly thought Yom Kippur ended on Sunday, September 20.