**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SHEMORI CORINTHIAN
Labor and Employment Law Division
(212) 356-4076
scorinth@law.nyc.gov

September 25, 2026

**VIA ECF**

Hon. Vera M. Scanlon
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

Re: Robert J. Monaco v. City University of New York, et al.
No. 25-cv-01387-NVM-VMS

Dear Judge Scanlon:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and I represent Defendants in the above-referenced matter. Defendants respectfully submit this letter in opposition to Plaintiff's September 23, 2026 letter motion to compel testimony from Defendant non-party witnesses Gila Rohr and Ryan McKinney, as well as Defendant Scott Cally, concerning three meetings in which Kingsborough Community College's ("KCC") Executive Legal Counsel and Labor Designee, Beth Douglas, participated. During those meetings, Ms. Douglas, acting in her legal capacity on behalf of KCC, engaged in privileged communications with these witnesses concerning ongoing legal issues and settlement negotiations with Plaintiff that preceded the commencement of this action. In his motion, Plaintiff fundamentally mischaracterizes Ms. Douglas' role and the purpose of her participation in the meetings and provides no accurate factual basis to support the argument that the communications at issue fall outside the protection of the attorney-client privilege. Accordingly, the motion must be denied.

## I. Background

Plaintiff Robert Monaco is a Senior College Laboratory Technician ("CLT") in the Department of Communications and Performing Arts at KCC, serving from 2013 to the present. In this role, Plaintiff is responsible for overseeing the construction of sets used in the College's theatre productions each semester. Plaintiff also held an adjunct professor position, teaching a practicum from 2013 to late December 2023. Plaintiff commenced this action asserting claims under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"). Plaintiff

alleges that Defendants discriminated against him based on his purported disability, failed to engage in the interactive process and to provide him with a reasonable accommodation, subjected him to a hostile work environment, and retaliated against him by diminishing his job responsibilities as a CLT and terminating his adjunct professor position shortly after he requested a reasonable accommodation. Prior to filing the instant action, Plaintiff filed several grievances in September 2023 alleging, among other things, that his supervisor, Defendant Scott Cally, improperly imposed a disciplinary penalty against him without due process by placing Letters of Guidance in his personnel file on September 6, 2023 and September 7, 2023. Plaintiff's grievances also included the allegation that Defendant Cally acted discriminatorily toward him based on his medically related absences.

On or about November 8, 2023 and December 11, 2023, meetings were held among Gila Rhor, Scott Cally, Ryan McKinney, and Beth Douglas. At the meeting, the parties discussed, among other things, Plaintiff's grievances and Ms. Douglas offered her mental impressions on Plaintiff's allegations underlying his grievances. The parties also communicated about whether Plaintiff would continue in his capacity as an adjunct professor teaching the practicum. Ms. Douglas rendered guidance about that determination; however, it was Scott Cally who was the sole decision-maker on whether Plaintiff would continue in the practicum. [1]

On or about August 24, 2024, Gila Rohr, Scott Cally, Sharon Warren Cook, and Beth Douglas participated in a meeting. During the meeting, the participants communicated about a proposed revision to Plaintiff's job duties as part of settlement discussions initiated by Plaintiff's counsel before the commencement of this action. Ms. Douglas provided advice concerning the proposed job duties, in the broader context of Plaintiff's looming discrimination claims that became the centerpiece of this instant action.

On September 14, 2026, Gila Rohr was deposed, and on September 16, 2026, Ryan McKinney was deposed. Once it was clear that Plaintiff's counsel's questions centered on meetings in which Beth Douglas participated, Defense counsel interposed an objection, asserting that the meetings at issue concerned privileged attorney-client communications and directed the witnesses not to answer any questions related to the substance of the communications at those meetings.

## II. Plaintiff Mischaracterizes Ms. Douglas' Role and the Capacity in which She Participated in the Meetings at Issue

A communication is protected by the attorney-client privilege when it is made between a client and counsel, is intended to remain confidential, and is made for the purpose of obtaining or providing legal advice. See Seyler v T-Systems N. Am., Inc., 771 F. Supp. 2d 284, 287 (S.D.N.Y. 2011). Here, Plaintiff fails to make the showing that the communications at the meetings fall outside the ambit of protected communications. First, Ms. Douglas is KCC' s Executive Legal Counsel and Labor Designee, in KCC's Office of Legal Affairs and Labor Relations. Her office is tasked with managing and coordinating the KCC's legal affairs. Ms. Douglas does not hold a separate position as a human-resources employee, business administrator, or management

[1] Defendants dispute Plaintiff's characterization that Gila Rohr testified that during the November 2023 meeting, Defendants made the decision to strip Plaintiff of his adjunct position.

consultant. Nor does Ms. Douglas perform any role wholly separate and distinct from the provision of legal services. Ms. Douglas' responsibilities include advising on labor and employment matters, conducting grievance proceedings as legally mandated under collective bargaining agreements between the unions representing KCC employees and The City University of New York, and advising on disciplinary matters, employee relations, and related legal issues. No witness deposed in the matter described Ms. Douglas as having a non-legal function at KCC.

Plaintiff nevertheless attempts to designate Ms. Douglas as a "business consultant" for purposes of defeating the attorney-client privilege. However, Plaintiff cannot create a non-legal role for Ms. Douglas, where one simply does not exist. Here, Ms. Douglas participated in the meetings in her capacity as legal counsel concerning confidential employment and labor matters involving Plaintiff. The meetings addressed Plaintiff's pending grievances, belated accommodation issues, potential employment actions, and settlement proposals, in anticipation of potential litigation. During these meetings, Ms. Douglas shared her mental impression about the legal issues at hand, and the witnesses received guidance and advice from Ms. Douglas concerning these matters.

Plaintiff's reliance upon <u>Koumoulis v. Independent Financial Group, Inc.,</u> 295 F.R.D. 28, 45 (E.D.N.Y. 2013), aff'd, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) is unavailing. In <u>Koumoulis,</u> the communications at issue were communications by an attorney performing human-resources functions and providing advice concerning ordinary business and personnel matters, including employee performance, customer interactions, communication skills, and management issues, which is materially different from the role Ms. Douglas took on at the meetings at issue. Moreover, Plaintiff's argument merely rests on speculation concerning the substance and substantial purpose of the communications that occurred during the meetings at issue. Plaintiff offers no compelling factual basis demonstrating that the communications fall outside the scope of the attorney-client privilege. Even if Ms. Rohr stated that she did not initially enter the November 2023 meeting intending to seek legal advice, or Mr. Cally did not explicitly state that he was seeking legal advice when requesting a meeting on November 30, 2023, those circumstances do not establish that legal advice or guidance was not sought or provided during the meetings, or that such advice and guidance did not constitute the predominant subject of the discussions. Plaintiff has not demonstrated that Defendants have otherwise waived the privilege or pointed to any other evidence demonstrating that the communications involving Ms. Douglas were intentionally disclosed to persons outside the attorney-client relationship, or set forth any other legal basis that would destroy the privilege. Accordingly, there is no basis to direct Defendants' witnesses to testify further about the substance of the three meetings at issue.

## III. Relevant Discoverable Testimony Can Be Solicited from Scott Cally

Plaintiff contends that he is entitled to discover "what decisions were made, who made them, when his reasonable accommodation needs were known, how they were communicated, and whether job-duty changes were decided before any interactive process took place." <u>See</u> Dkt. No 58. Defendants do not dispute that Plaintiff may inquire into these factual matters. Indeed, much of the information Plaintiff claims to seek has already been produced through the thousands of documents exchanged during discovery and from the testimony elicited in the depositions of Gila Rohr and Ryan McKinney. Indeed, testimony from both depositions established that Scott Cally was the sole decision-maker concerning the change in Plaintiff's job duties after he requested a reasonable accommodation, which Plaintiff now alleges constituted a demotion, as well as the

decision concerning whether Plaintiff would continue teaching the practicum in his adjunct professor role. Plaintiff is well within his rights to conduct a thorough deposition of Mr. Cally concerning the decisions he made, the factual circumstances underlying those decisions, when he became aware of Plaintiff's accommodation needs, and how those decisions were implemented and communicated. What Plaintiff may not do, however, is use the search for otherwise discoverable information as a means of obtaining the substance of privileged communications among Mr. Cally, other CUNY personnel, and Ms. Douglas in her capacity as legal counsel.

For all the foregoing reasons, Defendants respectfully request that Plaintiff's motion be denied in its entirety.

Respectfully Submitted,

By: /s/ *Shemori S. Corinthian*
Shemori S. Corinthian

CC: All counsel (VIA ECF)